IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00162-BNB

TIMOTHY DEMITRI BROWN,

    Applicant,

v.

WARDEN D. BERKEBILE,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Timothy Demitri Brown, is in the custody of the United States Bureau of Prisons at ADX in Florence, Colorado.  Mr. Brown, initiated this action by filing *pro se* a pleading challenging the validity of his conviction and sentence pursuant to 28 U.S.C. § 2241.  On January 23, 2014, Magistrate Judge Boyd N. Boland entered an Order to Show Cause directing Mr. Brown to respond and show cause why the Application should not be denied because Mr. Brown has an adequate and effective remedy in the sentencing court in the United States District Court for the Western District of Louisiana (Western District of Louisiana).  Mr Brown filed a Response on February 20, 2014.

    The Court must construe the Application and Response liberally because Mr. Brown is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

    Mr. Brown was convicted of eight counts of drug-related offenses and sentenced

to life in prison on May 10, 2002. *United States of America v. Brown*, No. 01-cr-10012-FAL-JDK, ECF No. 273 (W.D. La. Dec. 17, 1998). The conviction and sentence were affirmed by the Fifth Circuit. *See United States v. Brown*, 86 F. App'x 749 (5th Cir. 2004). Mr. Brown did not petition the United States Supreme Court for certiorari review, but he did file a 28 U.S.C. § 2255 motion on January 24, 2005, *Brown*, No. 01-cr-10012-FAL-JDK at ECF No. 385. The Western District of Louisiana adopted the magistrate judge's report and recommendation, *id.* ECF No. 388, and denied the § 2255 motion on January 20, 2006, ECF No. 407.

Mr. Brown contends that in Case No. 03-10424 the United States Supreme Court reversed the Fifth Circuit's denial of his direct appeal. A review of the Supreme Court's Docket shows that codefendant, Kenneth Wayne Pearson, was the petitioner in Case No. 03-10424. *See* supremecourt.gov/docket, No. 03-10424. The Supreme Court remanded the case to the Fifth Circuit for reconsideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *Id.* Feb. 25, 2005. Mr. Brown filed a motion in Mr. Pearson's remanded appeal in an attempt to recall the mandate entered in his direct appeal, but the Fifth Circuit denied the motion and directed the clerk of the court to accept no further filings in the matter. *United States v. Pearson*, No. 02-30514, Aug. 19, 2005 entry. Applicant sought certiorari review in the United States Supreme Court, which was denied on January 18, 2006. *Id.*, Jan. 18, 2006 entry.

Mr. Brown raises three claims in this Application, including: (1) he is entitled to the relief Mr. Pearson was granted by the Supreme Court; (2) the prosecution withheld exculpatory evidence proving Mr. Brown's innocence; and (3) 21 U.S.C. §§ 841 and 846 do not apply to Mr. Brown and as a result, he is factually innocent. In the Response,

Mr. Brown asserts he is actually innocent because the withheld evidence overwhelmingly proves his innocence.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255.  Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  The narrow reading of the savings clause is well established in the Tenth Circuit.  *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011).  Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion.  *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ( The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  Mr. Brown does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate or ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but

demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a habeas corpus application pursuant to § 2241 on a showing of actual innocence)). The Tenth Circuit, however, has explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. Furthermore, both the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998), and a novel argument for relief, are rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94.

Finally, Mr. Brown bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Prost*, 636 F.3d at 587. The sentencing court's denial of Mr. Brown' § 2255 motion on the merits does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). "Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Because Mr. Brown fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the

Application will be dismissed for lack of statutory jurisdiction.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Brown files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Brown fails to assert that his remedy in the United States District Court for the Western District of Louisiana is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  4th  day of   March  , 2014.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court