IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00162-LTB

TIMOTHY DEMITRI BROWN,

    Applicant,

v.

WARDEN D. BERKEBILE

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Timothy Demitri Brown, filed *pro se* a Motion to Reconsider, ECF No. 9, seeking reinstatement of this case.  The Court must construe the Motion liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Motion will be denied for the reasons discussed below.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Applicant's Motion to Reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Court dismissed this action.

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

After review of the Motion to Reconsider, Order of Dismissal, and entire file, the Court concludes that Applicant fails to demonstrate some reason why the Court should alter or amend the March 4, 2014 Order of Dismissal and Judgment in this action. Nothing Applicant asserts gives cause for reinstating this case.

Applicant makes a general statement that the Court's ruling in this case violates the Equal Protection Clause and has nothing to do with the law or the fact that he provided overwhelming evidence that he is actually innocent. Applicant further asserts that (1) the Court failed to address a prima facie showing of actual innocence, which was withheld until recently, and impossible to have asserted in his § 2255 motion; (2) the limits on a second § 2255 motion, and the sentencing court's erroneous prior ruling concerning the withheld evidence, that prevents him from proceeding under § 2255; and (3) the Court made an error in fact when stating that Applicant did not petition the United States Supreme Court for certiorari review. Applicant asserts that he did petition in Case No. 02-0932.

First, the Court finds no violation of Applicant's equal protection rights based on the Tenth Circuit's finding in *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Applicant is not being treating differently than individuals similarly situated to him.

Second, Applicant's claim of actual innocence and inability to present such evidence in the sentencing court does not equate to an inadequate and ineffective remedy in the sentencing court. Finally, the petition for certiorari review Applicant filed in the United States Supreme Court, No. 02-9832, was filed December 23, 2002, and denied May 5, 2003, which was prior to the Fifth Circuit affirming Applicant's conviction and sentence on February 11, 2004. The Supreme Court identified the petition as a "writ of certiorari before judgment." The petition did not address the disposition of Applicant's direct appeal. The Court, therefore, finds no error regarding the statement in the Order of Dismissal that Applicant did not petition the Supreme Court for certiorari review regarding the Fifth Circuit's opinion entered on February 11, 2004. The Court does note, however, that the citation on line two of Page Two of the March 4, 2012 Order of Dismissal should read in part "(W.D. La. May 10, 2002)."

The Court will deny the Motion to Reconsider because Applicant fails to demonstrate reinstatement of this action is deserving. Accordingly, it is

ORDERED that the Motion to Reconsider, ECF No. 9, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is DENIED.

DATED at Denver, Colorado, this  9th  day of   April          , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court